F. PHILLIP HOSP V, CA Bar No. 265225
   phosp@foley.com
TROY S. TESSEM, CA Bar No. 329967
   ttessem@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE:  213.972.4500
FACSIMILE:    213.486.0065

*Attorneys for Defendant Oleg Firer*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. DERIVATIVE LITIGATION | Case No. 2:22-cv-05336-DMG-AGR<br><br>**DEFENDANT OLEG FIRER'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER SERVICE**<br><br>*[Filed concurrently with Supplemental Declaration of F. Phillip Hosp V]*<br><br>Date:         December 8, 2023<br>Time:        9:30 AM<br>Court:       Courtroom 8C<br>Judge:      Honorable Dolly M. Gee<br><br>Consolidated Action<br>Complaint Filed: August 1, 2022 |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................... 3

I.     INTRODUCTION ........................................................................................ 6

II.    ARGUMENT ................................................................................................ 7

     A.    PLAINTIFFS HAVE FAILED TO CARRY THEIR BURDEN TO PRESENT EVIDENCE SHOWING SERVICE WAS PROPER ............... 7

          1.    *The Erroneous Proof of Service Does Not Overcome Ambassador Firer's Sworn Declaration* ........................................ 8

          2.    *Mr. Rosen Fails to Provide Any Admissible or Probative Evidence Rebutting Ambassador Firer's Sworn Declaration* ................................................................................ 11

     B.    DISCOVERY IS NOT WARRANTED BECAUSE PLAINTIFFS HAVE NOT OFFERED ANY EVIDENCE DEMONSTRATING THAT AN ISSUE OF FACT EXISTS. ....................................... 12

     C.    AMBASSADOR FIRER'S COUNSEL MET AND CONFERRED WITH PLAINTIFFS' COUNSEL; PLAINTIFFS REFUSED TO WITHDRAW THE REQUEST FOR ENTRY OF DEFAULT ............... 13

     D.    THE COURT SHOULD DISMISS PLAINTIFFS' CLAIMS AGAINST AMBASSADOR FIRER. ..................................................... 15

III.   CONCLUSION .......................................................................................... 16

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Agricola ABC, S.A. de C.V. v. Chiquita Fresh N. Am., LLC,*
  10CV772-IEG NLS, 2010 WL 4809641 (S.D. Cal. Nov. 19, 2010)..............................9

*Baker v. Warner/Chappell Music, Inc.,*
  No. 14-CV-22403, 2014 WL 4426169 (S.D. Fla. Sept. 9, 2014)................................12

*Boschetto v. Hansing,*
  539 F.3d 1011 (9th Cir. 2008) .................................................................................12

*Boyd v. City of Oakland,*
  458 F. Supp. 2d 1015 (N.D. Cal. 2006) ....................................................................11

*Brockmeyer v. May,*
  383 F.3d 798 (9th Cir. 2004) ....................................................................................7

*Carr v. Fed. Bureau of Investigation,*
  No. 223CV01813ODWMAAX, 2023 WL 4824909 (C.D. Cal. July 27, 2023) ..............14

*Castaneda v. Garden Grove Police Dep't.,*
  No. CV 21-1892-FMO (AGR), 2022 WL 3137926 (C.D. Cal. June 27, 2022)................7

*City Drinker, Inc. v. Kodali,*
  No. CV 13-9223 PA (PLAX), 2014 WL 12608565 (C.D. Cal. Dec. 10, 2014)...............15

*Davis v. Koz,*
  No. 218CV06597VAPJPRX, 2021 WL 2669568 (C.D. Cal. June 2, 2021) ..............10, 11

*Emine Tech. Co. v. Aten Int'l Co.*
  No. C 08-3122 PJH, 2008 WL 5000526 (N.D. Cal. Nov. 21, 2008)................................7

*Jones v. James Trading Co. Ltd.,*
  No. CV192674MWFJEMX, 2019 WL 6354392 (C.D. Cal. July 3, 2019) .....................15

*Kline Enterprises, Inc. v. Swenson,*
  No. 1:11-CV-535-BLW, 2013 WL 1224452 (D. Idaho Mar. 25, 2013) ..........................13

*Kosinski v. Dolium,*
  No. 823CV01506JVSJDEX, 2023 WL 6879820 (C.D. Cal. Oct. 17, 2023) ...................14

*Lawson v. Aleutian Spray Fisheries, Inc.*,
No. C11-0061JLR, 2012 WL 208111 (W.D. Wash. Jan. 24, 2012)...............................15

*Lusida Rubber Prod. v. Point Indus., LLC*,
No. CV-15-08677-MWF-GJS, 2016 WL 7469592 (C.D. Cal. Feb. 5, 2016) ...................12

*Piper, Inc. v. Pavlyukovskyy*,
No. 20-CV-03663-WHO, 2020 WL 6868831 (N.D. Cal. Nov. 23, 2020) .........................7

*Sebastian Brown Prods., LLC v. Muzooka, Inc.*,
143 F. Supp. 3d 1026 fn.2 (N.D. Cal. 2015)...............................................11

*PRL USA Holdings, Inc. v. Designerbrandsforless, Inc.*,
No. 220CV01670ABRAOX, 2021 WL 6103077 (C.D. Cal. Sept. 15, 2021)...................10

*Rivers v. Fox Broad. Co. Inc.*,
No. LACV1907554JAKPJWX, 2021 WL 8892799 (C.D. Cal. Oct. 22, 2021).................9

*Rodgers v. Pinole Valley Partners LLC*,
No. 20-CV-01667-JST, 2020 WL 6381148 (N.D. Cal. Sept. 18, 2020) ...........................7

*S.E.C. v. Internet Sols. for Bus. Inc.*,
509 F.3d 1161 (9th Cir. 2007) ...............................................................7, 10

*S.J. v. Issaquah Sch. Dist. No. 411*,
470 F.3d 1288 (9th Cir. 2006) ...............................................................13

*Tart Optical Enterprises, LLC v. Light Co.*,
No. LACV1608061JAKMRWX, 2017 WL 5957728 (C.D. Cal. Sept. 27, 2017).............9

*Terracom v. Valley Nat. Bank*,
49 F.3d 555 (9th Cir. 1995) ...............................................................12

*Topolewski v. Blyschak*,
No. 216CV01588JADNJK, 2017 WL 1091789 (D. Nev. Mar. 22, 2017).......................15

*Webb v. Carter's, Inc.*,
No. CV0807367GAFMANX, 2010 WL 11518543 (C.D. Cal. Nov. 23, 2010).................9

*Wells Fargo Bank NA v. Kuhn*,
No. CV137913GAFFFMX, 2014 WL 12560870 (C.D. Cal. July 23, 2014) .....................7

## **Statutes**

Federal Rule of Civil Procedure Rule 4 ................................................................ 7

Federal Rule of Civil Procedure § 4(f) ................................................ 6, 7, 8, 9

Federal Rules of Civil Procedure § 12(b)(5) ........................................... 7, 13

Florida Statute § 48.031(6)(a) .......................................................... 12, 13

# I.     INTRODUCTION

Plaintiffs have had over eighteen months to serve Ambassador Firer in this action. Instead of going through the proper channels and following Federal Rule of Civil Procedure 4(f) ("Rule 4(f)"), Plaintiffs tried to short circuit the process and responded to this Court's order to show cause with a proof of service that improperly claimed that Plaintiffs served Ambassador Firer at an alleged private mailbox and virtual office in Florida. However, the evidence shows that the alleged private mailbox and virtual office is not (and was not) affiliated with Ambassador Firer.

In opposing Ambassador Firer's Motion to Dismiss ("Motion"), Plaintiffs fail to rebut the evidence demonstrating that Ambassador Firer was a resident of the United Arab Emirates ("UAE") at the time of service (i.e., December 2, 2022) and did not personally maintain a private mailbox or virtual office in Florida. Instead, Plaintiffs submitted an inadmissible and factually unsupported declaration by their counsel, Laurence M. Rosen ("Rosen Declaration"), who has no personal knowledge about the alleged service.

Knowing that they cannot prevail on the substance, Plaintiffs attempt to misconstrue prior statements by Ambassador Firer with the declaration that he provided in this case. This narrative fails. Ambassador Firer accurately stated that he acquired UAE residency in April 2022 and lived there since September 2022. Nothing he said in any other case contradicts these facts.

Plaintiffs also erroneously claim that Ambassador Firer's counsel failed to meet and confer. In reality, Ambassador Firer's counsel substantively complied with Local Rule 7-3 by contacting Plaintiffs' counsel and discussing all the issues presented in the Ambassador Firer's Motion—both in a letter and during a telephonic conference. During the telephonic meet and confer, all of Plaintiffs' attorneys agreed that Plaintiffs would not withdraw the request for entry of default and, importantly, that Ambassador Firer's counsel should file the Motion. While they did offer to consider a declaration from Mr. Firer, the offer was nothing but a delay tactic so that the Clerk could grant the pending

request for entry of default. Tellingly, Plaintiffs decided to oppose the Motion even after receiving a copy of Ambassador Firer's declaration. They cannot complain now that the meet and confer requirement was not satisfied or that they were prejudiced in any way.

In short, Plaintiffs have failed to offer any evidence proving that they properly served, or even attempted to serve, Ambassador Firer in accordance with UAE law under Rule 4(f). The Court should grant Ambassador Firer's Motion and dismiss Plaintiffs' claims.

## II.   ARGUMENT

### A.   Plaintiffs Have Failed to Carry Their Burden to Present Evidence Showing Service Was Proper.

After a defendant challenges service under Federal Rules of Civil Procedure ("Rule") 12(b)(5), "plaintiffs bear the burden of establishing that service was valid under Rule 4." *Rodgers v. Pinole Valley Partners LLC*, No. 20-CV-01667-JST, 2020 WL 6381148, at *1 (N.D. Cal. Sept. 18, 2020) (*quoting Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (internal citations omitted)). Although a signed return of service is prima facie evidence of service, it can be overcome if the defendant presents strong and convincing evidence that service was not effectuated. *Id.* (*citing S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007)). To do so, the defendant must "produce affidavits, discovery materials, or other admissible evidence establishing the lack of proper service." *Id.* (*quoting Emine Tech. Co. v. Aten Int'l Co.*, No. C 08-3122 PJH, 2008 WL 5000526, at *1 (N.D. Cal. Nov. 21, 2008)). "In response, the plaintiff must provide evidence showing that the service was proper, or creating an issue of fact requiring an evidentiary hearing to resolve." *Piper, Inc. v. Pavlyukovskyy*, No. 20-CV-03663-WHO, 2020 WL 6868831, at *2 (N.D. Cal. Nov. 23, 2020); *Castaneda v. Garden Grove Police Dep't.*, No. CV 21-1892-FMO (AGR), 2022 WL 3137926, at *1 (C.D. Cal. June 27, 2022), report and recommendation adopted, No. SACV211892FMOAGR, 2022 WL 3155257 (C.D. Cal. Aug. 8, 2022) (quoting *Wells Fargo Bank NA v. Kuhn*, No. CV137913GAFFFMX, 2014 WL 12560870, at *2 (C.D. Cal. July 23, 2014)).

### 1.   *The Erroneous Proof of Service Does Not Overcome Ambassador Firer's Sworn Declaration.*

In this case, Plaintiffs fail to rebut Ambassador Firer's strong and convincing evidence that the purported service on Ambassador Firer was defective. As an initial matter, Plaintiffs do not even attempt to argue that they attempted, let alone completed, service on Ambassador Firer in accordance with Rule 4(f) and UAE laws. In the Motion, Ambassador Firer submitted government-issued documentation proving that he obtained a UAE Resident Identification Card on April 10, 2022. (*See* ECF No. 20-2, ¶ 4, Ex. 1.) He further declared under penalty of perjury that he made the UAE his sole residence in September 2022—months before Plaintiffs purportedly served him on December 2, 2022. *Id.* Therefore, Plaintiffs were required to serve Ambassador Firer pursuant to Rule 4(f).

Instead of addressing their obligation to serve Ambassador Firer according to Rule 4(f), Plaintiffs attempt to argue that Ambassador Firer was subject to Florida service laws. This argument also fails.

As an initial matter, Plaintiffs rely almost exclusively on the presumption that a signed process server's return affidavit is prima facie evidence that service was effected. The presumption, however, is just that: a presumption, and it can be overcome. Ambassador Firer has done so by providing a UAE Resident Identity Card and a sworn declaration establishing that he obtained permanent residency in the UAE on April 10, 2022, and that the UAE has been his only residence since September 2022. (ECF No. 20-2, Ex. 1.) Ambassador Firer also explained, under penalty of perjury, that he has never maintained a private mailbox or virtual office at the Address. (*Id.*, ¶ 5.) Ambassador Firer's only connection with the Address was through his employment at Net Element, which ended in or around November 2021 when he resigned from Net Element at the time of the Net Element's merger with Mullen Technologies. (*See id.*; ECF No. 1 fn. 1.) Thus, any connection Ambassador Firer had with the Address ended around November 2021, long before Plaintiffs attempted to serve Ambassador Firer more than a year later. In addition, Ambassador Firer stated in his sworn declaration that he does not know

Alexia Bezrodnaia—the person who purportedly was in charge of his alleged private mailbox or virtual office. *Id.*

Rather than providing any evidence of their own, Plaintiffs argue generally that a defendant's affidavit, without more, cannot provide strong and convincing evidence to overcome the presumption. (Opp. at 2:3-20.) That is not true. Courts regularly rely on a defendant's declaration and hold they constitute sufficient evidence to demonstrate that service was improper. As examples:

In *Tart Optical Enterprises, LLC v. Light Co.*, No. LACV1608061JAKMRWX, 2017 WL 5957728, at *5 (C.D. Cal. Sept. 27, 2017), the court held that a foreign defendant corporation overcame the presumption by relying on declarations that stated the defendant corporation did not have an agent for service of process in California where it was purportedly served. The court also pointed out that the plaintiff failed to submit any competing evidence to the contrary and failed to attempt to serve the foreign defendant through the Hague Convention under Rule 4(f). *Id.* As such, the court held that the plaintiff failed to meet its burden to demonstrate that service was proper. *Id.*

Similarly, in *Agricola ABC, S.A. de C.V. v. Chiquita Fresh N. Am., LLC*, No. 10CV772-IEG NLS, 2010 WL 4809641, at *6 (S.D. Cal. Nov. 19, 2010), the court granted the defendants' motion to quash on the basis that service was improper by relying on the defendant's declaration as evidence that the location of service was not the defendant's "dwelling." And in *Rivers v. Fox Broad. Co. Inc.*, No. LACV1907554JAKPJWX, 2021 WL 8892799, at *5 (C.D. Cal. Oct. 22, 2021), a corporation demonstrated that it was not sufficiently served by submitting a declaration from its senior paralegal declaring that the plaintiff had served a third-party corporation that was not the defendant's registered agent for service. *See also Webb v. Carter's, Inc.*, No. CV0807367GAFMANX, 2010 WL 11518543, at *4 (C.D. Cal. Nov. 23, 2010) (granting motion to quash based on (1) declaration that agent served was no longer a director of the defendant corporation at the time of service and (2) public documentation of resignation).

In addition to relying on the erroneous proof of service, Plaintiffs contend that a self-serving declaration alone does not overcome the presumption. But all three cases on which Plaintiffs rely are inapposite.

**First**, in *S.E.C. v. Internet Sols. for Bus. Inc*., 509 F.3d 1161, 1167 (9th Cir. 2007) ("*Internet Sols.*"), the Ninth Circuit disregarded two contradictory declarations by a defendant asserting that he was in a meeting at the time of service. The Ninth Circuit noted that every time the defendant's story was challenged, he "came up with new and often contradictory evidence to support his version of the facts." *Id.* The defendant also submitted unsworn hearsay emails by a co-worker of the individual he purportedly met with stating that she believed the meeting took place but had no documentary evidence to confirm that it did. *Id.*

In contrast to *Internet Sols.*, Ambassador Firer has submitted admissible evidence, and—as discussed—his declaration does not contradict his prior statements.

**Second**, in *PRL USA Holdings, Inc. v. Designerbrandsforless, Inc*., No. 220CV01670ABRAOX, 2021 WL 6103077, at *2 (C.D. Cal. Sept. 15, 2021) ("*PRL*"), the Court found service was proper on an individual defendant when the process server left the complaint and the summons at that individual's place of business with the business's purported agent. There, the defendant's declaration stated the business had ceased operations, that he never resided at the address, and that the agent who accepted service was not an agent of the business at the time of service. *Id.* However, public records established that the business was active and the defendant was listed as the CEO and agent for service of process. *Id.*

In contrast to *PRL*, Plaintiffs failed to present any evidence or public documentation to contradict Ambassador Firer's declaration and his UAE Resident Identity Card, or to demonstrate that Ambassador Firer maintains a private mailbox or virtual office at the Address.

**Third**, in *Davis v. Koz*, No. 218CV06597VAPJPRX, 2021 WL 2669568, at *3 (C.D. Cal. June 2, 2021) ("*Davis*"), the process server stated he served the defendant and

provided a detailed description of the defendant. In response, the defendant merely submitted a declaration stating she was not served and nothing more.[1] *Id.*

In stark contrast to *Davis*, Ambassador Firer has submitted admissible evidence (his UAE Resident Identity Card and his sworn declaration) demonstrating he was a resident of the UAE at the time of service and, therefore, not subject to Florida service laws. (ECF No. 20-2, Ex. 1.) His declaration further demonstrates that any connection he had with the Address ended in or around November 2021. (ECF No. 20-2, ¶ 5.)

Ultimately, Plaintiffs' reliance on the erroneous proof of service is insufficient to rebut Ambassador Firer's sworn declaration.

### 2. *Mr. Rosen Fails to Provide Any Admissible or Probative Evidence Rebutting Ambassador Firer's Sworn Declaration.*

Rather than providing actual evidence, Plaintiffs submit a declaration by their attorney, Laurence M. Rosen. However, Mr. Rosen's statements about the proof of service, Ambassador Firer's declaration, and the statements made in another lawsuit are without foundation. He has no personal knowledge regarding any of those topics. *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1025 (N.D. Cal. 2006) (holding attorney's declaration was inadmissible because attorney did not have personal knowledge of a third-party's knowledge and actions).

Mr. Rosen's declaration discusses statements Ambassador Firer allegedly made in another lawsuit titled *Oleg Firer v. Everett Stern, et al.*, Case No. 2022-006100-CA-01 ("Florida Action"). However, none of the alleged statements from the Florida Action contradict the declaration that Ambassador Firer filed in this case, or have any bearing on the lack of service here. As discussed, Ambassador Firer obtained his UAE Resident Identity Card in April 2022 and permanently resided in the UAE starting in September 2022. Mr. Rosen's declaration also conveniently fails to mention the fact that

---

[1] Plaintiffs' reliance on *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1036 fn.2 (N.D. Cal. 2015) is entirely misplaced. Ambassador Firer rebutted the proof of service by filing a declaration to support the Motion. He does not rely on extraneous facts requiring judicial notice to demonstrate that he was not served.

Ambassador Firer also stated in the Florida Action that he was also a resident of Moscow, Russia, which is corroborated by the declaration he filed in this case. (ECF No. 25-3, ¶ 1.)

In the end, Plaintiffs have offered no evidence to demonstrate that Ambassador Firer maintained a private mailbox or virtual office at the Address. Accordingly, the Motion should be granted.

**B.** **Discovery is Not Warranted Because Plaintiffs Have Not Offered Any Evidence Demonstrating That an Issue of Fact Exists.**

Recognizing that their proof of service is defective, and having failed to submit evidence demonstrating that service was proper, Plaintiffs make a last-ditch effort to argue there is an issue of fact requiring discovery and an evidentiary hearing. This argument is baseless.

To establish a basis for additional discovery, a "[p]laintiff must submit **evidence** that establishes … an issue of fact requiring an evidentiary hearing to resolve." *Lusida Rubber Prod. v. Point Indus., LLC*, No. CV-15-08677-MWF-GJS, 2016 WL 7469592, at *8 (C.D. Cal. Feb. 5, 2016) (emphasis in original) (internal quotation marks omitted)). In this case, discovery is not warranted because Plaintiffs have not provided the Court with any evidence demonstrating proper service or creating a factual dispute as to service. Among other things, Plaintiffs fail to provide a supplemental declaration from **their** process server or any other facts demonstrating that the Address was the "only address" for Ambassador Firer that was "discoverable through public records," as required by Florida Statute § 48.031(6)(a). *Baker v. Warner/Chappell Music, Inc.*, No. 14-CV-22403, 2014 WL 4426169, at *3 (S.D. Fla. Sept. 9, 2014) (granting motion to quash where plaintiff and the proof of service failed to demonstrate that the private mailbox was the only other discoverable address for the defendant); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (denial of jurisdictional discovery proper when "based on little more than a hunch that it might yield jurisdictionally relevant facts."); *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995) ("[W]here a plaintiffs claim of

personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery...." (Citation omitted)).

In the Opposition, Plaintiffs rely on *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) and *Kline Enterprises, Inc. v. Swenson*, No. 1:11-CV-535-BLW, 2013 WL 1224452, at *2 (D. Idaho Mar. 25, 2013). Both cases are inapposite. In *S.J.*, the Ninth Circuit merely commented that "sufficiency of service can be a fact-driven inquiry" and remanded the case with direction for the trial court to determine whether the plaintiff adequately attempted service to satisfy substitute service requirements. 470 F.3d at 1293. In *Kline Enterprises, Inc.*, a district court in Idaho agreed to hold an evidentiary hearing on whether the defendant was evading service as part of a Rule 12(b)(5) motion. 2013 WL 1224452, at *2.

Neither case provides support for the proposition that Plaintiffs should be allowed to conduct discovery now—nearly a year after they purportedly served Ambassador Firer—when they have failed to present evidence that service was proper, failed to demonstrate there is an issue of fact, and failed to comply with Florida Statute § 48.031(6)(a) by demonstrating that the Address was the only publicly discoverable address for Ambassador Firer.

The Court should not indulge Plaintiffs' fishing expedition when they have failed to demonstrate any good faith attempt or diligence with respect to serving Ambassador Firer, which the Court directed in connection with its order to show cause. Discovery is not warranted.

### C. Ambassador Firer's Counsel Met and Conferred with Plaintiffs' Counsel; Plaintiffs Refused to Withdraw the Request for Entry of Default.

Plaintiffs argue that the Court should deny the Motion because Ambassador Firer's counsel did not satisfy the meet and confer requirement. (Opp. at 3:24-5:20.) This argument is disingenuous.

Ambassador Firer's counsel met and conferred with Plaintiffs' counsel on all substantive points of the Motion. (Decl. of F. Phillip Hosp V ("Hosp Decl."), ¶¶ 2-8.) On October 23, 2023, Ambassador Firer's counsel sent Plaintiffs' counsel a letter that explained the bases of the instant Motion, including the fact that Ambassador Firer was a resident of the UAE when they purportedly served him under Florida law. (ECF No. 20-1, Ex. 4.) The following day, Ambassador Firer's counsel spoke with all of Plaintiffs' attorneys, including Mr. Rosen, over the telephone. (Hosp Decl. ¶¶ 2-8.) Once again, Ambassador Firer's counsel explained why service was improper and requested that Plaintiffs withdraw the pending request for entry of default that Plaintiffs recently filed. After hearing all the facts, Plaintiffs' counsel refused to withdraw the request for entry of default and agreed that Ambassador Firer should file the Motion. (*Id.*)

Alternatively, Plaintiffs' counsel stated that they would consider withdrawing the request for default if Ambassador Firer provided them with a declaration. This was an empty promise, and would have only resulted in a delay and the Clerk entering a default, as evidenced by the Clerk's Notice of Deficiency Default/Default Judgment ("Notice of Deficiency"). (ECF No. 22.) Indeed, after receiving a copy of Ambassador Firer's declaration, Plaintiffs chose to oppose the Motion, rather than withdrawing the request for entry of default. Plaintiffs cannot claim that they were prejudiced by the meet and confer process. *See also Kosinski v. Dolium*, No. 823CV01506JVSJDEX, 2023 WL 6879820, at *1 (C.D. Cal. Oct. 17, 2023) (the court maintains discretion to decide a motion notwithstanding Local Rule 7-3); *Carr v. Fed. Bureau of Investigation*, No. 223CV01813ODWMAAX, 2023 WL 4824909, at *3 (C.D. Cal. July 27, 2023) ("[T]o the extent the conference took place six days before Defendants filed the Motion instead of seven, the Court waives the irregularity and proceeds to consider the Motion.")[2]

---

[2] Plaintiffs further contend that it is unusual for Ambassador Firer to take the position that the case is stayed but then engage in motion practice. (Opp. at 5:12-13.) This is nonsensical. The language in the Court's order stayed the case as to all the defendants. Despite the stay, Plaintiffs instigated the need for Ambassador Firer to engage in motion practice by filing a request for entry of default based on a false proof of service.

### D.    The Court Should Dismiss Plaintiffs' Claims Against Ambassador Firer.

In the event the Court finds service was defective, Plaintiffs ask the Court to quash service as opposed to dismissing their claims against Ambassador Firer. While such decisions are within the discretion of the Court, Plaintiffs fail to address Ambassador Firer's cited case law that courts routinely dismiss claims against foreign defendants where the plaintiff fails to serve the complaint within one year of commencing suit. *See Topolewski v. Blyschak*, No. 216CV01588JADNJK, 2017 WL 1091789, at *2 (D. Nev. Mar. 22, 2017) (dismissing claims against foreign defendant after "unreasonable" 10-month failure to serve); *City Drinker, Inc. v. Kodali*, No. CV 13-9223 PA (PLAX), 2014 WL 12608565, at *1 (C.D. Cal. Dec. 10, 2014) (dismissing foreign defendant after plaintiff failed to serve complaint within one year of filing suit).

Instead, Plaintiffs rely on *Jones v. James Trading Co. Ltd*., No. CV192674MWFJEMX, 2019 WL 6354392, at *6 (C.D. Cal. July 3, 2019) where the court chose to merely quash service. However, in that case, the plaintiffs filed the case on September 28, 2018, and the court ruled on July 3, 2019 that service was improper and must be effectuated through the Hague Convention. Here, the first case was filed on May 12, 2022 and the Court specifically directed Plaintiffs to serve Ambassador Firer in its order to show cause. Now, more than eighteen months later, Plaintiffs ask this Court to give them additional time to perfect service. Given that Plaintiffs did not even attempt to initially serve Ambassador Firer pursuant to Rule 4(f), the Court should use its discretion to dismiss Plaintiffs' claims. *See Lawson v. Aleutian Spray Fisheries, Inc*., No. C11-0061JLR, 2012 WL 208111, at *2 (W.D. Wash. Jan. 24, 2012) ("By delaying even the start of the [Hague Convention service] process for more than a year, [Plaintiffs] ensured that [Foreign Defendant] will not be served under the Hague Convention for many more additional months. ... Indeed, it is doubtful that [Plaintiffs] will even have accomplished service by [the trial date.]").

III.    **CONCLUSION**

For the foregoing reasons, the Court should grant Ambassador Firer's Motion and dismiss Plaintiffs' claims. If the Court decides to only quash service, Plaintiffs should be required to comply with Rule 4(f) and serve Ambassador Firer in accordance with the laws of the UAE.

Dated: November 22, 2023                FOLEY & LARDNER LLP
                                        F. Phillip Hosp V
                                        Troy S. Tessem


                                        */s/ F. Phillip Hosp V*
                                        F. Phillip Hosp V

                                        *Attorneys for Defendant Oleg Firer*

## PAGE COUNT CERTIFICATION

The undersigned, counsel of record for defendant Oleg Firer, certifies that this brief contains 3484 words, which complies with the word limit of Local Rule 11-6.1.

Dated:  November 22, 2023

*/s/ F. Phillip Hosp V*
F. Phillip Hosp V