# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| IN RE MULLEN AUTOMOTIVE, INC. DERIVATIVE LITIGATION | Case No. CV 22-5336-DMG (AGRx) <br><br> **ORDER PRELIMINARILY APPROVING SETTLEMENT OF CONSOLIDATED DERIVATIVE ACTION AND PROVIDING FOR NOTICE [32]** |
|---|---|

WHEREAS, a consolidated derivative action is pending in this Court captioned *In re Mullen Automotive, Inc. Derivative Litigation*, Case No. CV 22-5336-DMG (AGRx) (C.D. Cal.) (the "Consolidated Derivative Action");

WHEREAS, Plaintiffs have moved with the Settling Defendants' and Mullen's consent, pursuant to Federal Rule of Civil Procedure ("Rule") 23.1, for an order: (i) preliminarily approving the settlement of the Consolidated Derivative Action, in accordance with a Stipulation and Agreement of Settlement dated August 21, 2024 (the "Stipulation"),[1] which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed Settlement and dismissal of the Consolidated Derivative Action with prejudice; and (ii) approving the dissemination of notice of the Settlement through the Short-Form Notice and the Long-Form Notice; and

WHEREAS, this Court, having considered the Stipulation and the Exhibits annexed thereto and the arguments of the Settling Parties;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Consolidated Derivative Action.

2. A hearing (the "Settlement Hearing") shall be held before this Court on January 24, 2025 at 10:00 a.m. in Courtroom 8C of the United States Courthouse, 350 West 1st Street, Los Angeles, California 90012, to determine whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to Mullen Automotive Inc. ("Mullen" or the "Company") and its shareholders and should be approved by the Court; whether the District Court Approval Order and a Judgment as provided in ¶ V.1.6 and ¶ V.1.9 of the Stipulation should be entered herein dismissing the Consolidated Derivative Action with

---

[1]   All capitalized terms contained herein not otherwise defined shall have the meanings as set forth in the Stipulation.

prejudice; and whether and in what amount to award attorneys' fees and expenses to Plaintiffs' Counsel and reasonable service awards to Plaintiffs.

3. The Court approves, as to form and content, the Notice of Proposed Derivative Settlement (the "Long-Form Notice"), attached as Exhibit B to the Stipulation, and the Summary Notice of Proposed Derivative Settlement (the "Short-Form Notice"; together with the Long-Form Notice, the "Settlement Notice"), attached as Exhibit C to the Stipulation, and finds that the publication of the Long-Form Notice and Short-Form Notice, substantially in the manner and form set forth in this Order, meets the requirements of Rule 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

4. By November 1, 2024, Mullen shall: (1) post a copy of the Court-approved Long-Form Notice, in the form of Exhibit B, on the Investor Relations page of Mullen's website; (2) cause a copy of the Short-Form Notice, in the form of Exhibit C, to be published one time (*i.e.*, for one day) in *Investor's Business Daily*; and (3) cause a copy of the Short-Form Notice, in the form of Exhibit C, to be published on an electronic newswire such as *PRNewswire* or *GlobeNewswire*. Mullen shall also update the litigation disclosure in its first quarterly filing with the U.S. Securities and Exchange Commission ("SEC") on Form 10-Q after entry of this Preliminary Approval Order to state that the Long-Form Notice can be found on the Investor Relations page of Mullen's website.

5. All costs incurred in the publishing, and posting of the Long-Form Notice and the Short-Form Notice shall be paid by Mullen, and Mullen shall undertake all administrative responsibility for such publication and posting.

6. By January 10, 2025, Mullen's Counsel shall file with the Court proof, by affidavit or declaration, that it has complied with ¶ 4 above.

7. All Mullen shareholders of record as of the date of this Order (the "Record Date") shall be bound by all orders, determinations, and judgments of the

Court in the Consolidated Derivative Action concerning the Settlement, whether favorable or unfavorable to Mullen shareholders.

8. Pending final determination by the Court of whether the Settlement should be approved, this Court preliminarily bars and enjoins the Settling Parties from instituting, commencing, prosecuting, continuing, or in any way participating in, whether directly or indirectly, representatively, individually, derivatively on behalf of Mullen, or in any other capacity, any of the Released Claims against any of the Released Persons. For the avoidance of doubt, this provision shall not apply to any insurance claims the Settling Defendants or Mullen have against any of their insurers in connection with the Settlement or the Released Claims. All proceedings and discovery in the Consolidated Derivative Action shall be stayed except as otherwise provided for in the Stipulation; however nothing herein shall in any way impair or restrict the rights of any of the Settling Parties to defend the Stipulation, to seek insurance coverage for the Settlement or the Released Claims, or to otherwise respond in the event any person or entity objects to the Stipulation, the proposed Judgment to be entered, the Fee and Expense Application, and/or any proposed fee order.

9. Plaintiffs shall file and serve their opening brief in support of final approval of the Settlement and the Fee and Expense Application by no later than December 6, 2024.

10. By no later than December 9, 2024, Plaintiffs' Counsel shall cause Plaintiffs' motion in support of Court approval of the Settlement and Plaintiffs' Counsel's Fee and Expense Application to be posted on Plaintiffs' Counsel's websites at www.rosenlegal.com and www.gme-law.com.

11. As set forth in the Notice, any Mullen shareholder, as of the Record Date, may appear and show cause, if he, she, or it has any reason why the terms of the Settlement or the Fee and Expense Application should not be approved as fair, reasonable and adequate, or why the District Court Approval Order and Judgment

should not be entered thereon, provided, however, that, unless otherwise ordered by the Court, no Mullen shareholder, as of the Record Date, shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement, or, if approved, the District Court Approval Order and the Judgment to be entered thereon approving the same, unless that Person has, at least twenty-one (21) calendar days before the Settlement Hearing, or by no later than January 3, 2025, mailed to Plaintiffs' Counsel appropriate proof of Mullen stock ownership, along with written objections, including the basis therefor, and copies of any papers and brief in support thereof.  All written objections and supporting papers must be mailed to Plaintiffs' Counsel and Defendants' Counsel as listed below:

Plaintiffs' Counsel:

| **THE ROSEN LAW FIRM, P.A.** | **GAINEY McKENNA & EGLESTON** |
|---|---|
| Erica L. Stone, Esq. | Gregory M. Egleston, Esq. |
| 275 Madison Avenue, 40th Floor | 260 Madison Avenue, 22nd Floor |
| New York, NY  10016 | New York, NY  10016 |

— and —

Defendants' Counsel:

| **KING & SPALDING LLP** | **FOLEY & LARDNER LLP** |
|---|---|
| Brian P. Miller, Esq. | F. Phillip Hosp, Esq. |
| Southeast Financial Center | 555 South Flower Street, Suite 3300 |
| 200 S. Biscayne Boulevard, Suite 4700 | Los Angeles, CA  90071 |
| Miami, FL  33131 | |

Plaintiffs' Counsel shall file any written objections with the Court by no later than January 10, 2025.  Any Mullen shareholder, as of the Record Date, who does not make an objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation, and/or to the award of attorneys' fees and expenses to Plaintiffs' Counsel or service award to Plaintiffs, unless otherwise ordered by the Court, but shall

otherwise be bound by the District Court Approval Order and the Judgment to be entered and the releases to be given.

12. Any attorney hired by a Mullen shareholder for the purpose of objecting to the Settlement must file a notice of appearance with the Clerk of the Court no later than January 3, 2025.

13. Plaintiffs' Counsel and Defendants' Counsel are directed to promptly furnish each other with copies of any and all objections that are served upon them or otherwise come into their possession.

14. By no later than January 17, 2025, the Settling Parties may serve and file with the Court a joint response brief (or, at the Parties' discretion, separate response briefs) to any objections made in connection with the proposed Settlement.

15. Neither the Stipulation nor the Settlement, including any Exhibits attached thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way as a concession, admission, or evidence of the validity of any Released Claims, or of any fault, wrongdoing, or liability of the Released Persons or Mullen; or (b) is or may be deemed to be or may be used as a presumption, admission, or evidence of, any liability, fault, or omission of any of the Released Persons or Mullen in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal, or other forum. Neither the Stipulation nor the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, or to seek insurance coverage for the Settlement or the Released Claims, and except that the Released Persons may file or use the Stipulation, the District Court Approval Order, and/or the Judgment, in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement,

standing, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Without further order of the Court, and upon written agreement by all Settling Parties, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation, and may make non-material changes to the Stipulation or its Exhibits to confirm the intent of the Settling Parties.

17. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Mullen shareholders, and retains exclusive jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Mullen shareholders.

**IT IS SO ORDERED.**

DATED: October 11, 2024

DOLLY M. GEE
CHIEF UNITED STATES DISTRICT JUDGE