UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MULLEN AUTOMOTIVE, INC. DERIVATIVE LITIGATION | Case No. CV 22-5336-DMG (AGRx) <br><br> **ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT OF CONSOLIDATED DERIVATIVE ACTION [19] [20] [47]** |

The Court held a final approval hearing on January 24, 2025, pursuant to the Court's Order of October 11, 2024 (the "Preliminary Approval Order"), upon the Stipulation and Agreement of Settlement dated August 21, 2024 ("Stipulation"), entered into between and among the Settling Parties,[1] which is incorporated by reference. Due notice of the hearing has been given to all Mullen shareholders in accordance with the Preliminary Approval Order; the Settling Parties have appeared through their respective counsel of record; the Court has heard and considered evidence in support of the proposed Settlement; the counsel for the Settling Parties has been heard; and an opportunity to be heard was given to all other persons requesting to be heard in accordance with the Preliminary Approval Order. The Court hereby determines that notice to all Mullen shareholders was adequate and sufficient, and having duly heard and considered the proposed Settlement,

**IT IS HEREBY ORDERED**:

1. The Court has jurisdiction over the subject matter of the Consolidated Derivative Action, and all matters relating to the Settlement of the Consolidated Derivative Action, as well as personal jurisdiction over the Settling Parties and all Mullen shareholders, and it is further determined that Plaintiffs, the Settling Defendants, the Company, and all Mullen shareholders, as well as their respective heirs, executors, successors, and assigns, are bound by this Order.

2. Notice has been given to all Mullen shareholders, pursuant to and in the manner directed by the Preliminary Approval Order, proof of dissemination of the Settlement Notice has been filed with the Court, and full opportunity to be heard has been offered to all Settling Parties and to all other Persons with an interest in matters relating to the Settlement. The form and manner of the Settlement Notice is hereby determined to have provided due and sufficient notice of the Settlement and to have

---

[1] All capitalized terms contained herein not otherwise defined shall have the meanings as set forth in the Stipulation.

1

been given in full compliance with the requirements of Federal Rule of Civil Procedure ("Rule") 23.1 and due process.

3. Based on the record before the Court, each of the provisions of Rule 23.1 has been satisfied and the Consolidated Derivative Action has been properly maintained according to the provisions of Rule 23.1.

4. The Settlement is found to be fair, reasonable, adequate, and in the best interests of Mullen and all Mullen shareholders and is hereby approved pursuant to Rule 23.1. The Settling Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions.

5. This Consolidated Derivative Action is hereby dismissed <u>with prejudice</u>, and the Clerk is directed to enter and docket the Judgment in the form attached as Exhibit E to the Stipulation.

6. The parties in the Consolidated Derivative Action shall bear their own fees, costs, and expenses, except as provided in the Stipulation. The Court finds that the Fee and Expense Amount of $500,000 is fair and reasonable, in accordance with the Stipulation, and finally approves the Fee and Expense Application, with any interest that may have accrued in the Escrow Account. The Court finds that the Service Awards to Plaintiffs in the amount of $2,000 each, or $6,000 in total, are fair and reasonable, in accordance with the Stipulation, and finally approves the Service Awards, which shall be funded from Plaintiffs' Counsel's Fee and Expense Amount.

7. The Court finds that, during the course of the litigation, the parties to the Consolidated Derivative Action and their respective counsel at all times complied with the requirements of Rule 11 and all other similar laws relating to the institution, prosecution, defense, or settlement of the Consolidated Derivative Action.

8. Upon the Effective Date, Plaintiffs and Mullen, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived,

discharged, and dismissed with prejudice each and every one of the Released Claims against the Released Persons.  For the avoidance of doubt, this shall not release any insurance claims the Settling Defendants or Mullen have against any of their insurers in connection with the Settlement or the Released Claims.

9. Upon the Effective Date, Plaintiffs (acting individually on their own behalf and on behalf of their spouses, heirs, executors, administrators, personal representatives, agents, representatives, attorneys, and assigns, and acting derivatively on behalf of Mullen and its shareholders), and Mullen, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Claims against any of the Released Persons.  For the avoidance of doubt, this shall not bar or enjoin any insurance claims the Settling Defendants or Mullen have against any of their insurers in connection with the Settlement or the Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation, or the rights of the Settling Defendants or Mullen to seek insurance coverage for the Settlement or the Released Claims.

10. Upon the Effective Date, each of the Released Persons, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged Plaintiffs and Plaintiffs' Counsel and all current Mullen shareholders (solely in their capacity as Mullen shareholders) from any and all manner of claims, known or unknown, whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulation, ordinance, contract, or the law of any foreign jurisdiction, whether fixed or contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or unasserted, matured or unmatured, arising out of the commencement, litigation, or

settlement of the Consolidated Derivative Action. Nothing herein shall in any way impair or restrict the rights of the Released Persons to enforce the terms of this Stipulation, any final order and judgment issued by the Court, or any other document memorializing the Settlement of the Consolidated Derivative Action. Furthermore, nothing herein shall in any way impair or restrict the rights of the Settling Defendants or Mullen to seek insurance coverage for the Settlement or the Released Claims.

11. Neither this Order, the Judgment, nor the Stipulation or their negotiation, nor any proceedings taken pursuant thereto shall be deemed or argued to be evidence of or to constitute an admission or concession by the Settling Defendants or the Company, except to enforce the terms of the Settlement, or to seek insurance coverage for the Settlement or the Released Claims.

12. In the event that the Settlement is terminated pursuant to the terms of the Stipulation or if any of the conditions in ¶ V.7.1 of the Stipulation do not occur for any reason, then (i) the Settlement and the Stipulation shall be canceled and terminated; (ii) this Order and the Judgment and any related orders entered by the Court shall in all events be treated as vacated, *nunc pro tunc*; (iii) the release of the Released Claims provided for in this Order and the Judgment shall be null and void; (iv) the fact of the Settlement shall not be admissible in any proceeding before any court or tribunal; (v) all proceedings in, and parties to, the Consolidated Derivative Action shall revert to their status and respective positions that existed on June 2, 2024, and no materials created by or received from another party that were used in, obtained during, or related to Settlement discussions shall be admissible for any purpose in any court or tribunal, or used, absent consent from the disclosing party, for any other purpose or in any other capacity, except to the extent that such materials are required to be produced during discovery in the Consolidated Derivative Action or in any other litigation; and (vi) the Settling Parties shall proceed in all respects as if the Stipulation had not been entered into by the Settling Parties.

13. No proceedings or Court order, including but not limited to the portion of this Order or any other order relating to the Fee and Expense Amount and Service Awards, shall in any way disturb or affect this Order and the Judgment being treated as Final approval of the Settlement or the Settlement otherwise being entitled to preclusive effect upon the satisfaction of the conditions in ¶ V.7.1 of the Stipulation, and any such proceedings or Court order shall be considered separate from this Order and the Judgment. The binding effect of this Order and the Judgment shall not be conditioned upon or subject to the resolution of any appeal or other proceedings that relate solely to the issue of the Fee and Expense Amount or the Service Awards.

**IT IS SO ORDERED.**

DATED: January 24, 2025

_____
Dolly M. Gee
Chief United States District Judge